FILED

MAY 07 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                    )        Case No. 11-60506-B-13
                                         )
Kathleen Ann Green,                      )        DC No. PLG-2
                                         )
                    Debtor.              )
_____)

### MEMORANDUM DECISION REGARDING DEBTOR'S MOTION TO CONFIRM FIRST MODIFIED CHAPTER 13 PLAN

This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Angela Palmer, Esq., appeared on behalf of the debtor, Kathleen Ann Green.

Sarah Velasco, Esq., appeared on behalf of the chapter 13 trustee, Michael H. Meyer, Esq.

        Before the court is a motion filed by the debtor, Kathleen Green (the

"Debtor") to confirm her first modified chapter 13 plan (the "Plan"). The chapter

13 trustee, Michael H. Meyer, Esq. (the "Trustee") objects to confirmation of the

Plan on the grounds that it does not provide for all of the Debtor's projected

disposable income to be applied to make payments to unsecured creditors in

compliance with 11 U.S.C. § 1325(b)(1)(B) (the "Objection"). At the core of this

dispute is the question of whether the Debtor may deduct from her current monthly

income the contributions she wants to make *voluntarily* to a 403(b) retirement plan.

For the reasons set forth below, the Trustee's Objection will be sustained.

Confirmation of the Plan will be denied.

This memorandum contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 1325[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) & (L).

**Background and Findings of Fact.**

This bankruptcy was filed under chapter 13 on September 21, 2011. The Debtor is employed by Bakersfield Memorial Hospital and reports a monthly income of $11,786.67. The Debtor is "above median income" and the disposable income she must pay to her unsecured creditors is calculated pursuant to § 1325(b)(2) which incorporates the provisions of § 707(b)(2), subparagraphs (A) and (B). Those calculations are set forth in form B22C (the "Means Test").[2] On Line 55 of the Means Test, the Debtor claims a deduction in the amount of $2,402.21 per month as a "Qualified retirement deduction."[3] There is no dispute that the Debtor has actually been making a monthly contribution to her 403(b) retirement plan and that the contribution is voluntary, as opposed to mandatory.

With the retirement contribution, the Debtor reports a monthly disposable

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2]After the Trustee objected to the Debtor's original plan, that plan was withdrawn and the Debtor filed an amended Means Test on January 10, 2012. The figures in this Memorandum were taken from the amended Means Test.

[3]The Debtor's Schedule I reports a monthly contribution to her 403(b) retirement plan in the amount of $1,139.57. At the hearing, the Debtor explained that the figure on Schedule I erroneously represents the amount withheld from each paycheck. The deduction reported on the Means Test represents the average monthly retirement contribution.

income on Line 59 of her Means Test in the amount of $1,894.01 ($113,640 over the 60-month term of the Plan). Her Plan proposes to pay $2,520 per month to the Trustee and distribute 37% to the unsecured creditors with claims estimated in the amount of $305,390.32 ($51,916.35). There is no dispute that the proposed distribution to unsecured creditors satisfies the chapter 7 "best interest" test. However, without the disputed retirement deduction, the Debtor's monthly disposable income will increase to approximately $4,296.22 (less an appropriate adjustment for any additional income taxes attributable to loss of the tax deferred deduction). This would result in a substantially higher distribution to the unsecured creditors.

**Analysis and Conclusions of Law.**

This issue before the court is whether *voluntary* contributions made by an above-median income debtor to a qualified retirement plan, such as a 401(k) or as here, a 403(b) plan, may be deducted from a debtor's current monthly income for the purpose of determining, prospectively, how much the debtor can and should pay to her unsecured creditors. The ultimate question is whether the "exclusion" (from disposable income) language in § 541(b)(7)(A)(i)(III) and B(i)(III) applies to all qualified retirement contributions or just to prepetition contributions.[4]

---

[4] § 541(b)(7) states in pertinent part:

(b) Property of the estate does not include–

. . .

(7) any amount–

(A) withheld by an employer from the wages of employees for payment as contributions–

(i) to–

. . .

(III) a tax-deferred annuity under section 403(b) of the Internal Revenue Service Code of 1986; *except that such amount under this subparagraph shall*

3

1        The arguments are well presented in the briefs filed by both sides in support

2    of and reply to the Objection. Those arguments will not be repeated here. The court

3    has reviewed the various cases and considered the three competing theories and

4    concludes that the cases in support of the Trustee's Objection reach the correct

5    result. *In re Prigge*, 441 B.R. 667 (Bankr. D.Montana 2010); *In re McCullers*, 451

6    B.R. 498 (Bankr. N.D. Cal. 2011). The Debtor may not take a deduction, in her

7    disposable calculation, for contributions she wishes to make voluntarily to a 403(b)

8    retirement plan.

9        The Debtor argues, based on dicta on the Ninth Circuit's *Egebjerg* decision

10   (574 F.3d 1045, 1050 (9th Cir. 2009)), that Congress specifically gave chapter 13

11   debtors the ability to deduct 401(k) payments from disposable income citing

12   § 1322(f). However, Egebjerg was a chapter 7 "presumption of abuse" case, the

13   issue in *Egebjerg* related to the repayment of a 401(k) loan, not voluntary

14   contributions to fund the plan, and the Court was not asked in *Egebjerg* to interpret

15   § 1322(f) on the issue addressed by the courts in the cases cited above.

16       Finally, the Debtor argues in her reply brief that the 403(b) contributions

17   should be allowed as "special circumstances" under § 707(b)(2)(B)(i) based on the

18   Debtor's age, family situation and available retirement assets. This argument is not

19   supported by any evidence, it does not address the "special circumstance" factors

20

21

22

23         *not constitute disposable income, as defined in section 13235(b)(2)*; or
           . . .

24

25         (B) received by an employer from employees for payment as contributions–
           . . .

26

27         (III) a tax-deferred annuity under section 403(b) of the Internal Revenue Code
           of 1986; *except that such amount under this subparagraph shall not constitute*

28         *income, as defined in section 1325(b)(2)*. (Emphasis added.)

4

prescribed in § 707(b)(2)(B)(i), (ii),[5] and it will not be considered for purposes of this Objection.

Based on this ruling, the Debtor will need to amend her Means Test and to recalculate her projected disposable income for distribution to unsecured creditors. That said, the court leaves open the possibility that the parties may now be able to reach a compromise solution and proceed with confirmation of this Plan, with some adjustments reflected in the confirmation order, and without the need for further litigation.

**Conclusion.**

Based on the foregoing, the Trustee's objection to confirmation of the first modified plan will be sustained. The Debtor's motion to confirm her first modified chapter 13 plan will be denied without prejudice to the parties' right to compromise this matter and yet confirm this Plan with the settlement terms reflected in the confirmation order.

Dated: May ___7___, 2012

W. Richard Lee
United States Bankruptcy Judge

---

[5] The debtor has the burden of proof to establish the "special circumstances" through an analysis involving a four-part inquiry. To justify an additional expense or adjustment to current monthly income, the debtor must (1) demonstrate that there is no reasonable alternative for the additional expense (§ 707(b)(2)(B)(i)), (2) itemize the additional expense (§ 707(b)(2)(B)(ii)), (3) provide documentation for the expense (§ 707(b)(2)(B)(ii)(I)), and (4) provide a detailed explanation of the special circumstances that make the expense necessary and reasonable (§ 707(b)(2)(B)(ii)(II)). The debtor must attest under oath as to the accuracy of the information offered to demonstrate that the "special circumstance" expenses or adjustments to income are required (§ 707(b)(2)(B)(iii)).

Kathleen Ann Green, Case No. 11-60506-B-13/ DC No. PLG-2

Kathleen Ann Green
6601 Starbright Drive
Bakersfield, CA 93313

Rabin J. Pournazarian, Esq.
Attorney at Law
15760 Ventura Blvd., #1100
Encino, CA 91436

Angela Palmer, Esq.
Attorney at Law
15760 Ventura Blvd., #1100
Encino, CA 91436

Michael H. Meyer, Esq.
Chapter 13 Trustee
P.O. Box 28950
Fresno, CA 93729-8950

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721